☑ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 0 9 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Justin Sloan Medved
2102 W. Dunlap Ave.
Phoenix, Arizona 85021
Phone:(480)547-7828
Email:info@justinmedved.com

# In The Federal District Court of Arizona
## Phoenix Division

Justin Sloan Medved

          Plaintiff,

v.

Allen Maguire & Barnes PLC

          Defendant,

**Case No.**   CV-16-03892-PHX-SPL

THE COMPLAINT OF JUSTIN SLOAN MEDVED TO SEEK MONETARY REMEDY FOR THE CAUSES OF ACTION TO THE COUNTS AND VIOLATIONS OF DEFAMATION; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS ABUSE OF PROCESS BY THE DEFENDANT; INVOLUNTARY CONFINEMENT OF THE PLAINTIFF BY THE DEFENDANT; FALSE ARREST OF THE PLAINTIFF; RICO ACT VIOLATION; CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS; FALSE IMPRISONMENT OF THE PLAINTIFF IN A HOSPITAL; LIBEL; SLANDER; DEPRIVATION OF RIGHTS UNDER COLOR OF LAW 18 U.S.C § 242; TORTIOUS ASSAULT AND BATTERY 18 U.S.C § 113; MIND CONTROL;  EMBEZZLEMENT AND THEFT 18 U.S.C. § 661;CONSPIRACY AGAINST THE PLAINTIFF'S RIGHTS 18 U.S.C § 241; TRESPASS TO CHATTELS; BRIBERY IN SPORTING CONTESTS 18 U.S.C § 224; THEFT OF LIVESTOCK 18 U.S.C § 667; FOR THE CONSPIRACY TO VIOLATE THE PLAINTIFFS CIVIL RIGHTS 42 U.S.C§ 1985; VIOALATION OF THE PLAINTIFFS THE FIFTH(5) AND FOURTEENTH(14) AMMEMNDMENT TO THE CONSTITUTION OF THE UNITED STATES; VIOLATION OF PROPERTY RIGHT OF CITIZENS BY THE DEFENDANTS 42 U.S.C § 1982; INTRUSION UPON SECLUSION TORT § 652D; APPROPRIATION OF NAME OR LIKENESS TORT § 652C; HATE CRIME ACTS 18 U.S.C § 249; PUBLICITY GIVEN TO PRIVATE LIFE TORT § 652B; DEPRIVATION OF THE PLAINTIFFS EQUAL RIGHTS UNDER LAW 42 U.S.C § 1981; INTERFERENCE WITH COMMERCE BY THREATS AND VIOLENCE 18 U.S.C § 1951(a); BLACKMAIL 18 U.S.C § 873; FORCE, VIOLENCE, AND THREATS INVOLVING ANIMAL ENTERPRISES 18 U.S.C § 43; CONSPIRACY TO COMMIT

MURDER 18 U.S.C § 1117; CONCEALMENT OF ASSETS AND FALSE OATHS AND CLAIMS 18 U.S.C § 152 (1), (2), (3), (7), (8), and (9);PERJURY 18 U.S.C § 1621(1) and (2); FRAUD 18 U.S.C § 1001(1),(2), and (3); BRINGING IN AND HARBORING ILLEGAL ALIENS 8 U.S.C § 1324(a) (1) (A)(iii) and (B)(i); TRANSPORTATION OF STOLEN LIVESTOCK 18 U.S.C § 2316; SALE OF STOLEN LIVESTOCK 18 U.S.C § 2317;  PURSUANT TO 42 U.S.C § 1988, and  RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

# I.    JURISDICTION AND VENUE

1. The plaintiff brings this action for compensatory damages, punitive damages, and consequential damages pursuant to 42 U.S.C § 1988, and Rule 9(b) of the Federal Rules of Civil Procedure for the violation of his civil rights and rights under color of law as is secured by the said statutes and Constitutions of the United States.

2. The courts have jurisdiction over this action pursuant to 28 U.S.C § 1331 (federal-question jurisdiction) because of this cases relation to Justin Medved V. Michael Patrick Medved which arises under Article III of the United States Constitution because of its relation to federal diversity cases, how it effects future cases against government entities by the severity of the claims in which Michael Patrick Medved acted with government entities to deprive plaintiff of opportunity and force him into poverty, and Michael Patrick Medved's current bankruptcy status and because of which this case too arises under Article III of the United States Constitution and so has federal question jurisdiction been listed as the first jurisdiction in this complaint and 28 U.S.C § 1343 (civil rights and elective franchise jurisdiction) as a portion of the atrocities were committed under color of state law and were committed under 42 U.S.C § 1985. The Court has supplemental jurisdiction over the state law causes of action asserted in this

Complaint pursuant to 28 U.S.C § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

3. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2), (b)(3), and (d) because a substantial part of the events and omissions giving rise to the plaintiff's claims occurred in this District and the other districts in which the defendants transact business.

4. Venue is also proper pursuant to 18 U.S.C § 1965(a),(b), and (c) because many of the defendants fellow conspirators and witnesses to their conspiracy to deprive the plaintiff of his civil rights and rights under color of law reside, are found, have agents, and/or transact his/her affairs in the District of Arizona, the Northern and Southern Districts of Ohio, Eastern and Western Districts of Michigan, the Northern, Southern, Western, and Eastern districts of Texas, the District of Nebraska, the Northern and Southern Districts of Iowa, the District of Montana, and the Eastern, Middle, and Western Districts of Louisiana by which a subpoena for each person's testimony may be required to present further evidence before the Court.

## II.   **Parties**

### A. Plaintiff

5. **Plaintiff** Justin Sloan Medved is a resident of 2102 W. Dunlap Ave. Phoenix, Arizona 85021. Hereafter **Plaintiff** Justin Sloan Medved is referred to as **plaintiff**.

### B. Defendant

6. **Defendants** Allen Maguire & Barnes PLC is a Public Limited Company Law firm who has been the legal representation of Michael Patrick Medved and is liable just as much for each claim taken against Michael Patrick Medved by plaintiff as Michael

Patrick Medved is himself for their extremely active role in his illegal campaign in attribution to the racketeering activity of Dreamworks Animation, see *Medved V. Dreamworks Animation SKG, Inc. et al.* of which the most harsh and extreme parts of would not had been possible had Michael Patrick Medved not been paying them millions in spite of plaintiff to run Microsoft Word. Defendants can be reached at 1850 N Central Ave #1150, Phoenix, AZ 85004 telephone number: (602) 256-6000.

## III.    Statement of Claim

7. Comes now the plaintiff, pro per, and petitions the court, for the deprivation of the his civil rights by the defendants conspiracy and actions with Michael Patrick Medved and many others to deprive the plaintiff of his civil rights and rights under color of law as specified under 18 U.S.C § 241 which states "**If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they**

**shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.**" in support of each claim so applicable; for the deprivation of the plaintiffs equal rights under law through Michael Patrick Medved by which he acted in part and aggressively on the defendant's behalf as specified under 42 U.S.C § 1981 which states "**(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. (c) Protection against impairment The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.**" in support of the malicious abuse of

process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable; for the interference with commerce by threats and violence(racketeering) in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, mind control, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's

behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a hospital by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable as specified under 18 U.S.C § 1951 which states "**Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both-.**"; for 42 U.S.C § 1985(3) for the conspiracy to interfere with civil rights of the plaintiff by the defendant and his fellow conspirators which states "**If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or**

**more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.**" in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and

aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable; violation of the plaintiff's Fifth Amendment rights to the Constitution of the United States in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable which states

**"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in**

cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."; for violating the plaintiff by force, violence, and threats involving animal enterprises as stated under 18 U.S.C § 43 which states "(a) Offense.— Whoever travels in interstate or foreign commerce, or uses or causes to be used the mail or any facility of interstate or foreign commerce— (1) for the purpose of damaging or interfering with the operations of an animal enterprise; and (2) in connection with such purpose— (A) intentionally damages or causes the loss of any real or personal property (including animals or records) used by an animal enterprise, or any real or personal property of a person or entity having a connection to, relationship with, or transactions with an animal enterprise; (B) intentionally places a person in reasonable fear of the death of, or serious bodily injury to that person, a member of the immediate family (as defined in section 115) of that person, or a spouse or intimate

partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, or intimidation; or (C) conspires or attempts to do so; shall be punished as provided for in subsection (b). (b) Penalties.— The punishment for a violation of section [1] (a) or an attempt or conspiracy to violate subsection (a) shall be— (3) a fine under this title or imprisonment for not more than 10 years, or both, if— (A) the offense results in economic damage exceeding $100,000; or (B) the offense results in substantial bodily injury to another individual" in support of each claim so applicable; for violating the plaintiff by force, violence, and threats involving animal enterprises as stated under 18 U.S.C § 43 which states "(a) Offense.— Whoever travels in interstate or foreign commerce, or uses or causes to be used the mail or any facility of interstate or foreign commerce— (1) for the purpose of damaging or interfering with the operations of an animal enterprise; and (2) in connection with such purpose— (A) intentionally damages or causes the loss of any real or personal property (including animals or records) used by an animal enterprise, or any real or personal property of a

**person or entity having a connection to, relationship with, or transactions with an animal enterprise; (B) intentionally places a person in reasonable fear of the death of, or serious bodily injury to that person, a member of the immediate family (as defined in section 115) of that person, or a spouse or intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, or intimidation; or (C) conspires or attempts to do so; shall be punished as provided for in subsection (b). (b) Penalties.— The punishment for a violation of section [1] (a) or an attempt or conspiracy to violate subsection (a) shall be— (3) a fine under this title or imprisonment for not more than 10 years, or both, if— (A) the offense results in economic damage exceeding $100,000; or (B) the offense results in substantial bodily injury to another individual**" in support of each claim so applicable; the plaintiff's Fourteenth Amendment rights to the Constitution of the United States in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress,

slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable which states "**All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**"; For the violation of the property rights of citizens as specified under 42 U.S.C § 1982 in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and

aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable by the defendants which states **"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."**; for Intrusion upon seclusion as specified under Torts § 652B **"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."** In support of each claim so applicable; Appropriation of name or likeliness as specified under Torts § 652C which states **"One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."** In support of any other claim so applicable; for Publicity given to private life as specified under Torts § 652D which states **"One who gives publicity to a matter concerning the private life of another is**

**subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that  (a)  would be highly offensive to a reasonable person, and  (b)  is not of legitimate concern to the public. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a)  would be highly offensive to a reasonable person, and  (b) is not of legitimate concern to the public.**" In support of  any other claim so applicable; for Conspiracy to Commit Murder as specified under 18 U.S. Code § 1117 which states "**If two or more persons conspire to violate section 1111, 1114, 1116, or 1119 of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.**" In support of  any claim so applicable; blackmail as specified under 18 U.S.C § 873 in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and

aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable which states

**"Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both."**; for a violating the plaintiff for the purpose of a false portrayal by bribery in a sporting contest and using the plaintiff's status in the community to influence more corruption in sporting contest revolved around the plaintiff's deprivation as specified under 18 U.S.C § 224 which states **"(a) Whoever carries into effect, attempts to carry into effect, or conspires with any other person to carry into effect any scheme in commerce to influence, in any way, by bribery any sporting contest, with knowledge that the purpose of such scheme is to influence by bribery that contest, shall be fined under this title, or imprisoned not more than 5 years, or both."** In support of each claim so applicable; for tortious assault and battery by the defendant as specified under 18 U.S.C

§ 113(3) which states **"(2) Assault with intent to commit any felony, except murder or a violation of section 2241 or 2242, by a fine under this title or imprisonment for not more than ten years, or both. (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."** In support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable; for fraud under statements and entries as specified under 18 U.S.C § 1001(1),(2), and (3) in support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and

aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable "**(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully— (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;**"; for the theft of personal property to the amount of $330,000.00 owned by the plaintiff and by which Michael Patrick Medved obtained the debt owed to the plaintiff of that value through the means of  civil conspiracy, slander,

negligent infliction of emotional distress, intentional infliction of emotional distress, as well 18 U.S.C § 1951; 18 U.S.C § 873; 18 U.S.C § 1621; 28 U.S.C § 4101(1);18 U.S.C § 1001(1),(2), and (3); and 18 U.S.C § 661 property of which included the contracts of livestock that valued at $300,000.00 as specified under 18 U.S.C § 661 which states **"Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows: If the property taken is of a value exceeding $1,000, or is taken from the person of another, by a fine under this title, or imprisonment for not more than five years, or both; in all other cases, by a fine under this title or by imprisonment not more than one year, or both. If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen"** by which Michael Patrick Medved was acting in part and aggressively on the defendant's behalf along with the defendant's; for trespass to

chattel in support of each claim so applicable; for the theft of livestock that amounts to the value of 300,000.00$ as specified under 18 U.S.C § 667 which states "**Whoever obtains or uses the property of another which has a value of $10,000 or more in connection with the marketing of livestock in interstate or foreign commerce with intent to deprive the other of a right to the property or a benefit of the property or to appropriate the property to his own use or the use of another shall be fined under this title or imprisoned not more than five years, or both. The term "livestock" has the meaning set forth in section 2311 of this title.**" And by which Michael Patrick Medved obtained the debt owed to the plaintiff of that value through the means of violating the previously listed codes of 18 U.S.C § 1951; 18 U.S.C § 873; 18 U.S.C § 1621; 28 U.S.C § 4101(1);18 U.S.C § 1001(1),(2), and (3) by which Michael Patrick Medved acted in part for the defendant's along with the defendant's; and 18 U.S.C § 661 in support of trespass to chattels; for the sale of livestock by the defendants that was property stolen from the plaintiff by the defendants as specified under 18 U.S.C § 2317 which states "**Whoever receives, conceals, stores, barters, buys, sells, or disposes of any livestock, moving in or constituting a part of interstate or foreign commerce, knowing the same to have been stolen, shall be fined under this title or imprisoned**

**not more than five years, or both.**" In support of each claim so applicable; for the transportation of livestock by the defendants that was property stolen from the plaintiff by the defendant as specified under 18 U.S.C § 2316 which states "**Whoever transports in interstate or foreign commerce any livestock, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than five years, or both.**" In support of each claim so applicable;  for bringing in and harboring certain aliens as specified under 8 U.S.C § 1324 (a) (1) (A)(iii) and (B)(i) which states "**(a) Criminal penalties (1) (A) Any person who—(iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation; (B) A person who violates subparagraph (A) shall, for each alien in respect to whom such a violation occurs—(i) in the case of a violation of subparagraph (A)(i) or (v)(I) or in the case of a violation of subparagraph (A)(ii), (iii), or (iv) in which the offense was done for the purpose of commercial advantage or private financial gain, be fined under title 18, imprisoned not more than**

**10 years, or both;"**; for the deprivation of the plaintiff's rights under color of law as specified under 18 U.S.C § 242 defendant which states **"Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."**

In relation to the defendants violation of hate crime acts against the plaintiff as specified under 18 U.S.C § 249 which states **"(a) In General.— (1) Offenses involving actual or perceived race, color, religion, or national**

**origin.— Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person— (A) shall be imprisoned not more than 10 years, fined in accordance with this title, or both; and (B) shall be imprisoned for any term of years or for life, fined in accordance with this title, or both, if— (i) death results from the offense; or (ii) the offense includes kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill."** In support of the malicious abuse of process by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, false arrest of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, involuntary confinement of the plaintiff by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, battery achieved by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, assault achieved by Michael Patrick Medved who acted in part on the defendants behalf and aggressively, conspiracy to violate the plaintiff's civil rights and rights under color of

law by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively along with the defendant's, trespass to chattels, the plaintiff's false imprisonment in a by Michael Patrick Medved who acted in part on the defendant's behalf and aggressively, and any other claim so applicable; and for "defamation" as specified under 28 U.S.C § 4101(1) which states **"(1) Defamation.— The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person."** Or in the state of Arizona defined as **a statement that brings the plaintiff into disrepute, contempt, or ridicule, or impeaches the plaintiff's honesty, integrity, virtue, or reputation. Whether something is defamatory or not is determined by the "natural and probable effect a reading of the entire statement in context would have on the mind of the average reader."** As to which causes of actions are civil conspiracy, negligent infliction of emotional distress, intentional infliction of emotional distress, slander, tortious assault with a dangerous weapon by Michael Patrick Medved acting in part on the defendant's behalf, battery by Michael Patrick Medved acting in part on the defendant's behalf, malicious abuse of process by Michael Patrick Medved acting in part on the defendant's behalf, false imprisonment of

the plaintiff in a hospital by Michael Patrick Medved acting in part on the defendant's behalf, false arrests of the plaintiff by Michael Patrick Medved acting in part on the defendant's behalf, involuntary confinement of the plaintiff by Michael Patrick Medved acting in part on the defendant's behalf, and libel through the many false and defamatory statements that the plaintiff has subtly dealt with from Michael Patrick Medved throughout the plaintiff's whole life (subtly in contrast to everything after the fraudulent and defamatory statements made on the mental health court petition drafted by the Michael Patrick Medved concerning the plaintiff) made on a mental health court petition that the Michael Patrick Medved used to wrongly imprison the plaintiff away from $330,000.00 worth of property that the plaintiff had owned and steal that property in part and aggressively for the sake of the defendant's false community standing. Statements that have continued far beyond the petition on which the statements publicly began to this day, through each defendant's plight to defame the plaintiff to the public/ community through violations of 18 U.S.C. § 661; 18 U.S.C § 667; 18 U.S.C § 1951(a); 18 U.S.C § 873; 18 U.S.C § 1621(1) and (2); 18 U.S.C § 1001(1),(2), and (3); 8 U.S.C § 1324(a) (1) (A)(iii) and (B)(i). Which has strongly damaged the plaintiff's reputation, honesty, integrity, and virtue and has caused the plaintiff to suffer extreme humiliation, emotional distress, reputation impairment, anxiety and future anxiety, impairment of community standing and future standing, as well as monetary losses in the number of 330,000.00 and future monetary losses through the reputation impairment and impairment of the plaintiff's community standing and future standing by loss of opportunity all by which are elements that the state of Arizona and the United States of America regulate defamation by in support of the malicious abuse of process by

Michael Patrick Medved acting in part and aggressively on behalf of the defendant's, the restatement of the second Torts 652, conspiracy to commit murder, trespass to chattels, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, libel, defamation, involuntary confinement of the plaintiff by Michael Patrick Medved acting in part and aggressively on behalf of the defendant's, mind control, conspiracy to violate the plaintiff's civil rights and rights under color of law by by Michael Patrick Medved acting in part and aggressively on behalf of the defendant's along with the defendant's, the plaintiff's false imprisonment in a hospital by Michael Patrick Medved acting in part and aggressively on behalf of the defendant's, and any other claim so applicable; Each claim for relief is in support of the defendants racketeering influenced and corrupt organization act. Pursuant to **the Federal Rules of Civil Procedure Rule 9(b)** which states: "**In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.**" Which applies to the cause of action of each count and violation committed by each of the defendants as the cause of action of each count and violation committed against the plaintiff was through fraud. In support thereof the plaintiff submits as follows:

## IV.    Introduction to Pleadings pursuant to the Federal Rules of Civil Procedure Rule 9(b):

8.  The defendants were responsible for the fraudulent slander that was made against plaintiff on the petition which resulted in plaintiff's false imprisonment

and involuntary confinement 4 different times, something that would not have been possible had Michael Patrick Medved not have been paying them millions in spite of plaintiff as Michael Patrick Medved cannot even run Microsoft word accordingly as he has admitted many times.

9. Such a petition was drafted by the defendants to prevent plaintiff from attending law school and any opportunity as well force plaintiff into poverty for the sake of the defendants insecurity based upon the fact that their jobs are quite simple and that they are being paid far to much by Michael Medved to run the very simple Microsoft Word program, work that pretty much anyone who can read could complete in the time frame of an hour.

10. The defendants are being used as tools by Michael Patrick Medved to inflict extreme distress though the unfairness of the goals they have prevented plaintiff from and poverty that they have forced him into by acting as the agents who Michael Patrick Medved gives all of the money that he owes plaintiff for the deprivation he has caused through defamation and theft and the defendants use of Microsoft word.

11. Upon returning from being forced and kept in poverty in Nebraska and Iowa on April 11th of 2012, plaintiff found a bill that he paid to the defendants for over 1 million dollars and that was just for a few months' worth of running Microsoft word for Michael Patrick Medved.

12. The defendants have refused to respond to any of plaintiff's claims outside of court and have seemingly even lied about being present in their office to speak over the phone during Adversary Proceeding 2:14-ap-00352-DPC.

13. In every response made by the defendants in Adversary Proceeding 2:14-ap-00352-DPC the defendants made clear that they are completely disabled from reading or responding properly to plaintiff's complaint which would be grounds for summary judgment in the remedy plaintiff is seeking with such evidence as plaintiff has against them, process to proper remedy should not be lengthy.

14. The defendants continue to falsely portray plaintiff just as described in the complaint filed against Michael Patrick Medved by plaintiff in stating their defense that they are charging him thousands of dollars in legal expenses that should be used to remedy plaintiff's suffering. Such defense was demonstrated in Adversary Proceeding 2:14-ap-00352-DPC.

15. It should be noted that while plaintiff has been deprived and forced into poverty by the defendants, plaintiff has been trying to put together a very unique animation project involving software's far more advanced than Microsoft Word and with the intention of no financial gain. The only gain is the unique creativity and artistic perception plaintiff is able to display to people, a project that can be read about at https://www.kickstarter.com/projects/273877776/the-wonderful-possibilities-of-animation (it should be noted that the name of the project remains to be decided and that The Wonderful Possibilities of Animation was only the name used for the Kickstarter) and http://www.justinmedved.com/PhoenixPaintingPage.htm . Plaintiff has

been prevented from continuing and finishing this project, [1] by the defendants because of the community standing damage he has been forced to suffer through their harsh false portrayals and the poverty they have forced plaintiff into through defamation, theft, and many other crimes.

16. Such deprivation that the defendants have caused to plaintiff has resulted in the defamation plaintiff is suffering along with every other form of suffering listed in case number 2:14-cv-02336-BSB where a film was created around the false portrayal's the defendants have caused plaintiff to suffer through the appropriation of his name and distortion of likeness that would benefit the defendants in this action.

17. The defendants committed each crime against plaintiff and violated plaintiff as a contribution to the racketeering activity made by Dreamworks Animation against plaintiff which can be understood in the complaint filed by plaintiff against Dreamworks Animation and the complaint against Michael Patrick Medved in paragraphs 169 & 170. Such complaints to which this case is closely related will be submitted as evidence as soon as plaintiff is granted the ability to file documents electronically.

## VI.  Jury Demanded

18. Pursuant to Federal Rule of the Civil Procedure 38, plaintiff demands a jury on any issue so triable by right of a jury for the purpose of securing his 5th amendment rights to the Constitution of the United States and every other right a trial by jury shall secure which will provide the fair trial the plaintiff has been so greatly deprived of for so long.

## VII.  FIRST CLAIM FOR RELIEF

---

[1] which has since changed since the beginning of the plaintiff's website to involve elaborate CGI software programmed by the plaintiff for a professional 3d feel and by which the concept of the project has also been altered

## CONSPIRACY TO VIOLATE THE PLAINTIFF'S CIVIL RIGHTS BY THE DEFENDANT

19. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. The defendants have operated a lengthy conspiracy to violate plaintiff of his civil rights that can easily be referred to as an illegal campaign against plaintiff that has resulted in a large amount of negative attention directed at plaintiff from the community in consequence to the damage plaintiff has suffered from the defendant's conspiracy which has been taunted by the condoning authorities of the defendants actions against plaintiff and each conspirators role in the conspiracy against the plaintiff.

21. Pursuant to the conspiracy, the defendant and the many fellow conspirators who aided the defendant in his conspiracy against plaintiff, intentionally, recklessly, negligently, and/or with complete indifference to the rights of the plaintiff: (a) manufactured false evidence; (b) pressured, bribed, coerced, and induced individuals to have the plaintiff involuntarily confined without his consent or any lawful basis for doing so; (c) illegally seized, transported, and sold plaintiffs property; (d) verbally and physically threatened the plaintiff in an attempt to silence him.

22. The aforesaid conduct of the defendant operated to deprive plaintiff of important well established rights under the Constitution and the laws of the United States including, but not limited to, his rights to not be deprived of liberty without due process of law, not to have excessive force imposed upon him, and to receive equal protection under law.

23. As a result of the foregoing, plaintiff was deprived of his liberty, was involuntarily confined to hospital treatment, was denied fundamental constitutional rights, was

publicly embarrassed, defamed of his true character, and humiliated, was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## VIII. SECOND CLAIM FOR RELIEF

### FALSE IMPRISONMENT OF THE PLAINTIFF IN A HOSPITAL BY THE DEFENDANT

24. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. Through fraudulent statements made against the plaintiff on a court order drafted by Michael Patrick Medved acting on behalf of the defendants, the plaintiff was involuntarily confined to hospital treatment of a confinement period on average lasting a month to a month and a half without any justification on four (4) separate occasions.

26. Plaintiff's assertion of his defense to the court order Michael Patrick Medved, conspiring in part and aggressively on behalf of the defendants and with and through the defendants, had drafted through fraudulent statements that resulted in plaintiff's involuntary confinement to hospital treatment was completely ignored whereupon the defendants unjustifiable statements were unfairly embraced in relation to plaintiff.

27. The confinement of plaintiff was without probable cause and was not otherwise privileged.

28. As a result of the aforesaid conduct by Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, plaintiff was involuntarily confined to hospital treatment without any justification in violation of plaintiff's constitutional rights as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a result of the aforesaid conduct by Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom, plaintiff was deprived of his substantive and procedural due process rights as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States as such claims required the subpoena of witnesses and their testimonies by which the burden of proof was not sufficient as such testimonies would have dismissed the defendant's claims as well he was deprived his rights under color of law and equal rights under law.

30. As a result of the foregoing, plaintiff was deprived of his liberty, was involuntarily confined to hospital treatment, was publicly embarrassed and humiliated, and was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## IX.   THIRD CLAIM FOR RELIEF

### MALICIOUS ABUSE OF PROCESS BY THE DEFENDANT AGAINST THE PLAINTIFF

31. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, issued legal process through fraudulent statements violating perjury to place plaintiff under arrest.

33. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, arrested plaintiff through such

means in order to degrade, humiliate, embarrass, and defame the plaintiff and steal the contracts to property plaintiff owned for the purpose of the interference with commerce to the market to which that property had value.

34. As a result of the foregoing, plaintiff was deprived of his liberty, he was put in fear for his safety, he was involuntarily confined to hospital treatment, he was defamed of his true character, he was publicly embarrassed and humiliated, he was subjected to handcuffing and other physical restraints, he was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## X.    FOURTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. The aforementioned was extreme and outrageous, and exceeded all reasonable bounds of decency.

37. As a result of the aforementioned conduct, the defendants plight to portray the plaintiff as the defendants would wish the plaintiffs character to be in reality for the defendants own gain has strongly damaged the plaintiff's reputation, honesty, integrity, and virtue and has caused plaintiff to suffer extreme humiliation, emotional distress, reputation impairment, anxiety and future anxiety, impairment of community standing and future standing, as well as monetary losses in the number of $330,000.00 and future monetary losses through the reputation impairment and impairment of the plaintiff's community standing and future standing by loss of opportunity.

38. The aforementioned conduct was intentional and done on purpose and done for the sole purpose of causing the plaintiff severe emotional distress for the defendant's personal gain.

39. As a result of the aforementioned conduct plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, and defamation of character.

40. As a result of the foregoing, plaintiff was deprived of his liberty, was denied fundamental rights, he was publicly embarrassed, humiliated, and defamed of his true character, he was put in fear for his safety, he was involuntarily confined to hospital treatment, he was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## XI.    FIFTH CLAIM FOR RELIEF

### FALES ARREST OF THE PLAINTIFF BY THE DEFENDANT

41. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of the aforesaid conduct by the defendants, plaintiff was subjected to illegal, improper, and false arrest by Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, and taken into custody by police and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

43. As a result of the foregoing plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, defamed of his true character, and subjected to handcuffing and other physical restraints, without probable cause.

## XII. SIXTH CLAIM FOR RELIEF

## TORTIOUS ASSAULT

44. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. Michael Patrick Medved's actions through the condoning authorities of his illegal campaign against the plaintiff to violate the plaintiff's civil rights and rights under color of law placed the plaintiff in apprehension of imminent harmful and offensive bodily contact, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants.

46. As a result of Michael Patrick Medved's conduct, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, plaintiff suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## XIII. EIGHTH CLAIM FOR RELIEF

## MIND CONTROL OF THE PLAINTIFF BY THE DEFENDANT

47. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, used the condoning authority figures of his illegal campaign to deprive plaintiff of his civil rights and rights under color of law to control the mind and actions of the plaintiff for the sake of the defendants unjustified personal gain.

49. As a result of the aforesaid conduct by the defendants, plaintiff has suffered extreme confusion, severe emotional distress, humiliation, embarrassment and has caused the plaintiff to act in ways that reflect the negative, stubborn, bizarre, and authoritively condoned and protected beliefs of the defendants to gain back the civil rights and rights under color of law he has been deprived of with respects to the defendants interest against plaintiff and what the defendants considers to be the conduct of business.

50. As a result of the aforesaid conduct by the defendants the plaintiff has suffered impairment of reputation, community standing, future standing, embarrassment, humiliation, anxiety, and defamation of character and has damaged his honesty, integrity, and virtue to the community by which he has also suffered a loss of opportunity and future opportunity.

## XIV. NINTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. As a result of the aforesaid conduct by the defendants, the defendants have caused plaintiff to suffer defamation of character, impairment of reputation, and community standing has taunted the community to inflict emotional distress upon the plaintiff through defamation of character, impairment of reputation, community standing and future standing that the defendant has negligently forced the plaintiff to suffer.

53. As a result of the aforesaid conduct by the defendants the plaintiff has suffered severe emotional distress, defamation of character, anxiety, impairment of reputation,

community standing and future standing which damaged the plaintiff's honesty, integrity, and virtue to the community.

## XV. TENTH CLAIM FOR RELIEF

### SLANDER

54. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants have made verbal claims falsely asserting to the community that the plaintiff is helpless, needy, spoiled, constantly in need of a baby sitter and capable of learning nothing on his own or accomplishing any activity or goal to success therein implying through their unjustifiably false claims against the plaintiff that the plaintiff has a low quality character not worth much opportunity.

56. Michael Patrick Medved has claimed, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, through violations of fraud that conceal everything that the plaintiff has been through and contradict as such in favor of the defendant through email "you just have to do what others tell you and not your own way."

57. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, has even asserted false laws to the plaintiff racially condescending to the plaintiff's nature such as "after what James Eagan Holmes did to the people in that theatre that they have passed a new law prohibiting red heads from being allowed to do stuff like that" in an attempt to prevent the plaintiff from taking legal action that was made in August of 2012.

58. As a result of the aforesaid conduct by the defendants, plaintiff has suffered severe emotional distress, defamation of character, anxiety, impairment of reputation, community standing and future standing which damaged plaintiff's honesty, integrity, and virtue to the community.

## XVI. ELEVENTH CLAIM FOR RELIEF

## LIBEL

59. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, through grotesque, outrageous, distorted, and fraudulent statements made on a mental health petition against plaintiff that violated plaintiff's Fifth and Fourteenth rights to the constitution of the United States of America and deprived plaintiff of his rights under color of law as well equal protection under law strongly defamed the character of the plaintiff from his true character in favor of the defendants character and illegal campaign against the plaintiff.

61. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, has claimed through violations of fraud that conceal everything that the plaintiff has been through and contradict as such in favor of the defendant through email "you just have to do what others tell you and not your own way."

62. As a result of the aforesaid conduct by the defendants, plaintiff has suffered extreme impairment of reputation, community standing, and future standing, severe emotional

distress, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community.

## XVII.    TWELTH CLAIM FOR RELIEF

### INVOLUNTARY CONFINEMENT OF THE PLAINTIFF IN A HOSPITAL BY THE DEFENDANT

63. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "62" with the same force and effect as if fully set forth herein.

64. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, through fraudulent statements made on a mental health petition against plaintiff confined plaintiff against his will, unlawfully and involuntarily on four separate occasions.

65. Despite plaintiffs protests, he was ignored and plaintiff was deprived of his substantive and procedural due process rights as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States as such claims required the subpoena of witnesses and their testimonies by which the burden of proof was not sufficient as such testimonies would have dismissed Michael Patrick Medved's claims, he was also deprived of his rights under color of law as well equal protection under law.

66. As a result of the foregoing, plaintiff was deprived of his liberty, was involuntarily confined to hospital treatment, was defamed of his true character, publicly embarrassed and humiliated, was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## XVIII.    THRITEENTH CLAIM FOR RELIEF

### TRESPASS TO CHATTELS

67. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "66" with the same force and effect as if fully set forth herein.

68. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, through plaintiff's false and involuntary confinement in a hospital that was a result of fraudulent statements the defendant made on a petition against plaintiff, stole contracts of two valuable horse contracts of livestock that valued at $300,000.00 as well as $30,000.00 in personal property the plaintiff owned containing a large number of music instruments and equipment.

69. As a result of the aforesaid conduct by the defendants, the defendants helped steal two horses owned by the plaintiff whereby the defendants helped degrade each horse on extreme measures for the purpose of the interference with commerce to the circuit in which such livestock plaintiff had owned had relevance and each horses image meant to the commerce of that circuit and its depiction to the community.

70. As a result of the foregoing, plaintiff was deprived of his liberty, his rights to the Fifth and Fourteenth amendments to the constitution of the United States, his rights under color of law, his equal protection of law, was involuntarily confined to hospital treatment, was defamed of his true character, publicly embarrassed and humiliated, was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

## XIX. FOURTEENTH CLAIM FOR RELIEF

### FRAUD

71. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "69" with the same force and effect as if fully set forth herein.

72. As a result of the aforesaid conduct by Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, the plaintiff has been deprived of many basic fundamental rights so secured the constitutions and laws of the United States.

73. As a result of the foregoing, plaintiff has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, substantial monetary losses, all because of which plaintiff has experienced a great loss of opportunity from the community and future loss which damaged the plaintiff's honesty, integrity, and virtue to the community.

## XX.   FIFTEENTH CLAIM FOR RELIEF

### DEPRIVATION OF THE PLAINTIFF'S RIGHTS UNDER COLOR OF LAW BY THE DEFENDANT UNDER

74. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "73" with the same force and effect as if fully set forth herein.

75. As a result of the aforesaid conduct by Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, plaintiff received a bunch of negative attention that was based upon his race, which was a result of his race being grotesquely distorted through the many ways. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, was able to depict people with red hair through the condoning authority figures who allowed Michael Patrick Medved,

conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, to misportray plaintiff.

76. As a result of the foregoing, plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, embarrassment, humiliation, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community and future loss.

## XXI. SIXTEENTH CLAIM FOR RELIEF
## INTRUSION UPON SECLUSION

77. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as if fully set forth herein.

78. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, on four separate occasions used excessive force through the malicious abuse of process which resulted in plaintiff's false imprisonment by which Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, was able to gain unprotected access to the plaintiff's personal property which valued at $330,000.00 and was able to stage a robbery with the help of the Phoenix Police Department and blame on a character which would further add to the defamation and reputation impairment plaintiff was suffering.

79. As a result of the foregoing, plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional

distress, anxiety, embarrassment, humiliation, substantial monetary losses, all because of which plaintiff has experienced a great loss of opportunity from the community and future loss.

## XXII.    SEVENTEETH CLAIM FOR RELIEF
## PUBLICITY GIVEN TO PRIVATE LIFE

80. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "79" with the same force and effect as if fully set forth herein.

81. As a result of the aforesaid conduct the plaintiff and the subject of his false imprisonment and life became a metaphorical piñata for the defendants while they were at the Arabian U.S Nationals during 2009 and 2010 and a punching bag in the fight for the brown haired nation in the United States.

82. As a result of the foregoing, plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, embarrassment, humiliation, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community and future loss.

## XXIII.    EIGHTEENTH CLAIM FOR RELIEF
## APPROPRIATION OF NAME OR LIKENESS

83. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as if fully set forth herein.

84. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, through fraudulent contracts used plaintiff's name and athletic image to condone the handicaps associated with the horse

community and the handicapped community in general to portray plaintiff as spoiled at plaintiff's expense until the plaintiff was illegally removed from the papers as the part owner of SA Sophisticated Lady against his will.

85. Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, either illegally forged a notarized document in the plaintiff's name or illegally changed the ownership papers with the help of the Arabian Horse Association which allowed the defendants to illegally sell MA Party Girl.

86. As a result of the foregoing, the plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, embarrassment, humiliation, substantial monetary losses, all because of which plaintiff has experienced a great loss of opportunity from the community and future loss.

## XXIV.    NINETEENTH CLAIM FOR RELIEF
## CONSPIRACY TO COMMIT MURDER

87. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "86" with the same force and effect as if fully set forth herein.

88. Through the malicious abuse of process Michael Patrick Medved, conspiring and acting in part and aggressively on behalf of the defendants and with and through the defendants, used extreme excessive force that could easily have resulted in the murder of plaintiff and combined with the extent that Michael Patrick Medved had gone through in the past all the way up to 2011 to convince plaintiff to become an amateur pilot despite the plaintiff's artistic pursuit which Michael Patrick Medved, conspiring

and acting in part and aggressively on behalf of the defendants with and through the defendants, is attempting to ruin, it is quite obvious the defendants had high hopes that the medical staff would kill plaintiff if the swat team or Phoenix Police did not.

89. As a result of the foregoing, plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, severe shock, fright, and fear for the safety of his life, embarrassment, humiliation, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community and future loss

## XXV.    Twentieth Claim for Relief
## R.I.C.O Act Violation

90. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "89" with the same force and effect as if fully set forth herein.

91. Through the aforesaid conduct defendant attributed to the racketeering scheme against plaintiff reported in Medved Vs. Dreamworks Animation et al.

92. As a result of the foregoing, the plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, severe shock, fright, and fear for the safety of his life, embarrassment, humiliation, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community and future loss.

93. By reason of the aforesaid conduct by the defendant, the plaintiff demands the following relief:

A.  Compensatory damages in the amount of no less than five million dollars ($5,000,000.00);

B.  Punitive(or Exemplary) damages in the amount of no less than five million dollars ($5,000,000.00);

C.  Consequential damages in the amount of no less than four hundred and fifty five thousand dollars ($455,000.00);

D.  Award of costs and disbursements to this action pursuant to 42 U.S.C § 1988;

E.  Any other relief as the court may find just and proper.

Wherefore the plaintiff demands judgment in the sum of no less than five million dollars ($5,000,000.00) in compensatory damages, no less than five million dollars ($5,000,000.00) in punitive (or exemplary) damages, no less than four hundred and fifty five thousand dollars ($455,000.00) in consequential damages, plus costs and disbursements of this action be awarded to the plaintiff pursuant to 42 U.S.C § 1988.

Dated: Phoenix, Arizona
November 9th, 2016

Respectfully submitted,

By:

Justin S. Medved (Pro Se)
2012 W. Dunlap Ave.
Phoenix, Arizona 85021
Telephone: (480)547-7828
Email: info@justinmedved.com